C. D. HAVEN et al. vs. W. E. NEAL et al.

Submitted on briefs July 15, 1892. Decided Aug. 29, 1892.

**Verdict Sustained by Evidence.**
> *Held,* that the evidence herein was sufficient to sustain a verdict in plaintiffs' favor.

Appeal by defendants, W. E. Neal, W. H. Eustis and John G. Frazer, from an order of the District Court of Hennepin County, *Canty,* J., made February 20, 1892, refusing a new trial.

On May 7, 1886, the plaintiffs, C. D. Haven, F. V. Haven and F. B. VanValkenburg, partners as C. D. Haven & Co., and the firm of Cole & Weeks, entered into a written contract with the defendants,

partners as W. E. Neal & Co., for the purchase from them of certain logs then in the Mississippi River and its tributaries, "being 20,177 logs, 2,018,120 feet," to be delivered within the boom limits at Minneapolis, and to be paid for at the rate of $6 per thousand according to the boom scale. There were scaled and delivered to Haven & Co. and Cole & Weeks, and paid for by them, under this contract, 19,680 logs, scaling 1,969,680 feet.

In October, 1888, Cole & Weeks assigned to plaintiffs their interest under the contract, and they brought this action to recover damages from defendants for alleged fraudulent representations made by defendants as to the quality of the logs. The action was dismissed at the close of the plaintiffs' case, and defendant appealed from an order refusing a new trial. The order was reversed. *Haven* v. *Neal*, 43 Minn. 315.

On the second trial, the testimony on the part of plaintiffs showed that Neal had represented the logs to be "a good, smooth lot of logs that run about ten to the thousand," and that among them were some 300,000 feet of nice white pine logs, smooth and sound, and cut in Pokegama Lake timber, that would go four or five to the the thousand feet. That Neal was familiar with the logs, and plaintiffs relied on his representations. The main controversy was whether or not the representations were false. Plaintiffs' witnesses testified that some 300,000 feet of the logs were rotten, unsound and worthless ; that these logs were the ones represented to be Pokegama Lake timber; that after they received part of these unsound logs, plaintiffs notified defendants, and began driving all the unsound logs as they came along, into a "pocket;" that this "pocket" was sawed afterwards, and it was found that the logs in it were practically worthless. The defendants admitted that plaintiffs received some worthless logs, but claimed that they received the full amount paid for in good sound timber. The testimony of the scalers went to show that all of the unsound logs were scaled according to the amount of sound timber they contained, if any, and that worthless logs were not counted in scaling. At the close of the testimony, defendants moved the court to direct a verdict for them. This motion was de-

nied, and the jury found a verdict for the plaintiffs, and assessed their damages at the sum of $498. A motion for a new trial was denied, and defendants appeal.

*Eustis & Morgan,* for appellant.

*Gilger & Harrison,* for respondent.

PER CURIAM. On the first trial of this action the court ordered a dismissal at the close of plaintiffs' case, and on appeal its order refusing a new trial was reversed, 43 Minn. 315, (45 N. W. Rep. 612.)

The plaintiffs upon a second trial secured a verdict, and the present appeal is from an order denying defendants' motion for another trial. The court was requested at the close of the evidence, and on the whole of the same, to direct a verdict in defendants' favor. This request was refused, and this is the only ruling we are called upon to review by the single assignment of error made by the appellants' counsel. Its determination has required an examination of the testimony, all of which, and necessarily, has been certified up. From such examination we are compelled to say that the plaintiffs' proofs on the second trial were submitted with reference, unquestionably, to what had been said by this court in the former opinion, and made a stronger case in plaintiffs' favor than was made on the first. To be sure, the weight of this testimony may have been affected by that produced in defendants' behalf, but as between the two parties and their proofs it was for the jury to decide. In the former opinion it was said, and that was the only question before us, that there was evidence in plaintiffs' case sufficient to warrant its submission to a jury, and that it was error to dismiss when plaintiffs rested. From what has been said herein it cannot be expected that we shall now declare that the evidence, taken as a whole, was insufficient to sustain a verdict in plaintiffs' favor. We are of the opinion that it was. In conclusion, it may be observed that many of the questions discussed by appellants in their brief were fully considered and disposed of when the case was here before.

Order affirmed.

(Opinion published 52 N. W. Rep. 1069.)